UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVAN MENDES,<br><br>  Plaintiff,<br><br>  v.<br><br>CAPITAL ONE AUTO FINANCE, et al.,<br><br>  Defendants. | Case No.: 1:21-cv-00664-NONE-JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

James Evan Mendes seeks to proceed *pro se* and *in forma pauperis* in this action alleging violations of the Fair Debt Collection Practices Act. (See Doc. 1.) The Court finds the plaintiff is unable to state a claim upon which relief may be granted, therefore, the Court recommends the plaintiff's motion to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without prejudice as the Court lacks jurisdiction.

**I.     Request to proceed *in forma pauperis***

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* is granted by the Court. See Rodriguez v. Cook, 169 F.3d 1178, 1177

1

(9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an in forma pauperis status does not violate the applicant's right to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP. O'Loughlin v. Doe, 920 F.2d 614, 616 (9th Cir. 1990); Weller, 314 F.2d at 600-01.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." Temple v. Ellerthorpe, 586 F.Supp. 848, 850 (D.R.I. 1984).

The Court recommends the plaintiff's application to proceed *in forma pauperis* be denied because, as discussed below, the complaint fails to state a meritorious claim upon which relief may be granted.  See, e.g., Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit"); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir. 1987) (same).

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).

A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In other words, a complaint is frivolous where the litigant sets "not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the

claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty. Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to inform the defendant of the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Factual Allegations**

The dispute in this action relates to a debt owed on a vehicle. According to the plaintiff, around February 2016, an adhesion contract was entered with Capital One Auto Finance who allegedly falsely claimed they were the original creditor and loaned plaintiff money to purchase a vehicle. (Doc. 1 at 9.) Plaintiff reports that Capital One Auto Finance is a debt collector as stated in 15 U.S.C. § 1692a(6), and plaintiff claims that the alleged debt that is said to be owed has been paid in full. (Id.)

1    Plaintiff alleges that Capital One Auto Finance is at fault for invading his "privacy as a
2 consumer by using abusive debt practices and calling at inconvenient hours with the intent to annoy
3 even after being told to not communicate by phone." (Doc. 1 at 9.) Plaintiff alleges that Capital One
4 Auto Finance was never given direct consent from him "to report profane, obscene and misleading
5 information to all three major credit bureaus." (Id. at 10.) Plaintiff claims that Capital One Auto
6 Finance is at fault for breaking multiple federal violations pursuant to the Fair Debt Collection
7 Practices Act. (Id.)
8    Based on documentation provided by the plaintiff, it appears that TransUnion conducted an
9 investigation of the disputed item related to Capital One Auto Finance, and the results indicate that it
10 was verified as accurate. (Doc. 1 at 30-35.) Specifically, the report states that "[w]e investigated the
11 information you disputed and the disputed information was VERIFIED AS ACCURATE." (Id. at 34.)

12 **V.    Discussion and Analysis**
13    **A.    Fair Debt Collection Practices Act**
14    Under the FDCPA, debt collectors are prohibited "from making false or misleading
15 representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514
16 U.S. 291, 292 (1995); Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010). To
17 establish a violation of the FDCPA, plaintiff must show: (1) he was a consumer (2) who was the object
18 of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as
19 defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. Miranda v.
20 Law Office of D. Scott Carruthers, 2011 U.S. Dist. LEXIS 55180, at *11 (E.D. Cal. May 23,
21 2011), citing Turner v. Cook, 362 F.3d 1219, 1227-28 (9th Cir. 2004).
22    Based on the allegations in the complaint, it appears that the plaintiff adequately alleges that he
23 is a consumer within the meaning of the FDCPA and that he was the object of a collection activity
24 arising from a consumer debt. Related to the next element, plaintiff asserts that Capital One Auto
25 Finance was a "debt collector" as defined by the act. (Doc. 1 at 9.) Capital One Auto Finance appears
26 to fit the definition of this term as it appears at 15 U.S.C. § 1692a(6) ("any person who uses any
27 instrumentality of interstate commerce or the mails in any business the principal purpose of which is
28 the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another"). However, the complaint fails to demonstrate that Capital One Auto Finance engaged in acts or omissions prohibited by the FDCPA. Based on documentation provided by the plaintiff, it appears that TransUnion conducted an investigation of the disputed item related to Capital One Auto Finance, and the report states that "[w]e investigated the information you disputed and the disputed information was VERIFIED AS ACCURATE." (Doc. 1 at 34.)

The plaintiff asserts that Capital One Auto Finance allegedly reported misleading information to the credit bureaus (Doc. 1 at 10), however, the credit bureau's investigation results verified as accurate the disputed item related to Capital One Auto Finance. Taking into consideration the results of the credit bureau's investigation and the other allegations provided in the complaint, the plaintiff fails to state a cognizable claim under the FDCPA. Therefore, the Court recommends that plaintiff's complaint be DISMISSED.

**VI.     Findings and Recommendations**

Based upon the facts alleged, it does not appear the deficiencies can be cured by amendment, and granting leave to amend would be futile.  See Lopez, 203 F.3d at 1130; See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's complaint be **DISMISSED** without prejudice;
2. Plaintiff's motion to proceed *in forma pauperis* (Doc. 3) be **DENIED**;
3. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///
///
///

Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991); Wilkerson v. Wheeler, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **April 26, 2021**           _ /s/ Jennifer L. Thurston
                                    CHIEF UNITED STATES MAGISTRATE JUDGE